UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00144-WYD

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. PAULO DOS SANTOS SILVA, JR.,

 Defendant.

## ORDER

 THIS MATTER comes before the Court on Defendant's Unopposed Motion to Withdraw Motion to Suppress and Vacate Motions Hearing [ECF No. 22], filed May 24, 2012. Pursuant to a minute order I issued on May 24, 2012, [ECF No. 23], I have already granted the Defendant's request to vacate the motions hearing and to withdraw the Defendant's Motion to Suppress. However, this motion also requests that the jury trial set to commence on June 4, 2012 be continued to a later date. Although not explicitly stated in the motion, I will construe this as a request for a continuance pursuant to 18 U.S.C. § 3161(h).

 By way of background, Mr. Santos-Silva is charged with travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b), and travel with intent to engage in a sexual act with a person under 12 years of age, in violation of 18 U.S.C. § 2241(c). After flying to the U.S. from Brazil, Mr. Santos-Silva was arrested on February 25, 2012 at the Grand Junction regional airport and placed into custody in the Mesa County jail. Due to concerns about housing Mr. Santos-Silva in the same facility as

another individual charged with similar crimes, the U.S. Marshall's office transferred the Defendant to the Denver Detention Facility after his arraignment on April 2, 2012. Since his attorney is in Grand Junction, this has interfered with the Defendant's ability to meet with his attorney to discuss trial preparation and defense strategies.

Turning to my analysis, the Speedy Trial Act requires a federal criminal trial to begin within seventy days from the filing of an information or indictment, or from the date of the defendant's initial appearance, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1). The Tenth Circuit held that "[t]he Act serves two distinct interests: (1) to protect a defendant's right to a speedy indictment and trial, and (2) to serve the public interest in ensuring prompt criminal prosecutions. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 1985, 164 L.Ed.2d 749 (2006) (emphasizing that the Act intended not only to protect defendant's right to speedy trial, but also was 'designed with the public interest firmly in mind'); *United States v. Vogl*, 374 F.3d 976, 982 (10th Cir. 2004)." *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007).

The Tenth Circuit further stated that "[i]n balancing these two often-competing interests, the Act provides a detailed scheme under which a number of specified intervals are excluded from the seventy-day computation, thus tolling the speedy trial calendar. *See* 18 U.S.C. § 3161(h)." *Id.* The *Williams* Court went on to say that the Act "permits a district court to grant a continuance and to exclude the resulting interlude if it finds, on the record, that the ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a speedy trial. This provision affords a trial court substantial discretion to accommodate periods of delay to address the specific needs of a

particular case. *Zedner*, 126 S.Ct. at 1984." *Id.* at 1048-49 (internal citation omitted). However, the Tenth Circuit has cautioned that "ends-of-justice continuances should not be granted cavalierly. *See United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir.1989) (observing that such continuances were 'meant to be a rarely used tool' (internal quotation marks omitted) (*quoting United States v. Tunnessen*, 763 F.2d 74, 76 (2d Cir.1985))." *Id.*

The Tenth Circuit reaffirmed its holdings in *Williams* and *Doran* and emphasized that the ends of justice exception to the Speedy Trial Act "was meant to be a rarely used tool for those cases demanding more flexible treatment." *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989). "The requirement that the district court make clear on the record its reasons for granting an ends-of justice continuance serves two core purposes. It both ensures that the district court considers the relevant factors and it provides the court with an adequate record to review." *Id.* (citations omitted). The *Toombs* Court noted that the record "must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time." *Id.* at *7.

Having carefully considered the motion and the controlling law, I find that the Defendant's motion for an ends of justice continuance should be granted pursuant to 18 U.S.C. §3161(h)(7)(A) and (B). Due to defense counsel's need for additional time to discuss defense strategies and engage in further negotiations with the Government, I find that the failure to grant a continuance in this case, would deny the Defendant and his

counsel the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).   I further find that the ends of justice served by an extension of the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i) and (iv).   Therefore, it is

ORDERED that Defendant's Unopposed Motion to Withdraw Motion to Suppress and Vacate Motions Hearing [ECF No. 22], filed May 24, 2012, is **GRANTED**.   In accordance therewith, it is

FURTHER ORDERED that the jury trial set to commence on Monday, June 4, 2012 is **VACATED.**   It is

FURTHER ORDERED an additional period of **60 days will be excluded** from the speedy trial calculation in this case.

Dated:   May 30, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL
CHIEF U. S. DISTRICT JUDGE